## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **U.S. BANK TRUST, N.A. AS TRUSTEE** | § | |
| **FOR LSF9 MASTER** | § | |
| **PARTICIPATION TRUST,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.** 5:21-cv-00402 |
| **v.** | § | |
| | § | |
| **CARLOS MONTOYA,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank" or "Plaintiff") and files this its *Original Complaint* against Carlos Montoya ("Defendant"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of

association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank has its main office in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

2.      Decedent Beatriz P. Montoya aka Beatrice Montoya ("Decedent" or "Borrower") was an obligor under the Loan Agreement. Decedent died on or about March 8, 2011. A probate was opened on February 26, 2013 under Cause No. #2013PC0720 in the Bexar County Probate Court No. 2 ("Probate Court"). Defendant Carlos Montoya was appointed Independent Administrator for the Estate of Decedent.

3.      Defendant Carlos Montoya is a citizen of Texas, son of Decedent, and sole owner of the Property. He may be served with process at his residence, 739 W. Glen Avenue, San Antonio, Texas 78225, or at such other place as he may be found. Summons is requested.

4.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Bexar County Central Appraisal District Website, the Property involved in this

matter is valued at $86,719.00 Therefore, the amount in controversy is well in excess of $75,000.00.

5.        Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981).  Plaintiff estimates that attorney's fees will be in excess of $15,000.00 through trial.

6.        Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

7.        On or about August 22, 2007, Decedent Beatriz Montoya executed that certain *Promissory Note* (the "Note") in the original principal amount of $35,000.00 payable to Bank of America, N.A., and bearing interest at the rate of 8.190% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

8.        Concurrently with the Note, Decedent executed that certain *Homestead Lien Contract and Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Bank of America, N.A. a security interest in certain real property and improvements located in Bexar County, Texas commonly known as 739 W. Glen Avenue, San Antonio, Texas 78225, and more particularly described as:

> THE EAST 8 FEET OF LOT 36, ALL OF LOT 37, AND THE WEST 8 FEET OF LOT 38, BLOCK 11 NEW CITY BLOCK 3914, SAN FERNANDO ADDITION, LYING AND BEING SITUATED WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 105, PAGE 320, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TX.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Bexar County, Texas on August 31, 2007 under Document No.20070208849. A true and correct copy of the Security Instrument is attached hereto at <u>Exhibit B</u>.

9.     The Loan was subsequently transferred from Bank of America, N.A. to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust, as evidenced by that certain *Assignment of Mortgage/Deed of Trust* ("Assignment") executed on July 28, 2015 and recorded in the Real Property Records of Bexar County, Texas under Document No. 20150150279. A true and correct copy of the Assignment is attached hereto as <u>Exhibit C</u>.

10.     Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

11.     Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

12.     The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

13.     On March 8, 2011, Decedent Beatriz Montoya passed away. In accordance with Texas Estates Code §§ 101.001(a) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

14.     On or around December 11, 2012, three Affidavits of Heirship were recorded in the Real Property Records of Bexar County, Texas under Document Nos. 20120242641,

20120242642, and 20120242643. The Affidavits list Carmen Valdez, Saena Unate, and Carlos Montoya as the heirs of Decedent. True and correct copies of the Affidavits of Heirship are attached hereto as <u>Exhibit D.</u>

15.    On June 10, 2013, the Probate Court entered a *Judgment Declaring Heirship*, which also listed Decedent's heirs as Carmen Valdez, Saena Unate, and Carlos Montoya. A true and correct copy of the *Judgment Declaring Heirship* is attached hereto as <u>Exhibit E.</u>

16.    In the Probate Court, Defendant Carlos Montoya was appointed Independent Administrator. In his role as Independent Administrator, he executed a *Special Warranty Deed* to convey the Property to himself individually, Carmen Valdez a/k/a Maria Del Carmen, and Saena Unate a/k/a Catalina Saena Unate. The *Special Warranty Deed* was recorded in the Real Property Records of Bexar County, Texas under Document No. 20130197623. A true and correct copy of the *Special Warranty Deed* is attached hereto as <u>Exhibit F.</u>

17.    Carmen Valdez a/k/a Maria Del Carmen Valdez and Saena Unate a/k/a Catalina Saena Unate executed a *General Warranty Deed* and conveyed their interest in the Property to Carlos Montoya, individually. The *General Warranty Deed* is recorded in the Real Property Records of Bexar County, Texas under Document No. 20130197624. A true and correct copy of the *General Warranty Deed* is attached hereto as <u>Exhibit G.</u>

18.    Though Defendant Carlos Montoya has the use, benefit, and enjoyment of the Property, he has failed or refused to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Security Instrument.

19.    The Loan Agreement is matured as of September 11, 2017. On January 21, 2021, Plaintiff, through its attorneys, sent the Decedent's Estate a *Notice of Default and Intent to*

*Accelerate* ("Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit H.</u>

20.     The default was not cured. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – STATUORTY PROBATE LIEN

21.     The foregoing paragraphs are incorporated by reference for all purposes.

22.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

   a.  TEX. ESTATES CODE §§ 101.001(a) and 101.051(a)(1), which state in pertinent part:

      " . . .  *all of the person's estate that is devised by the will vests immediately in the devisees, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*

   b.  TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c.  TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

      *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance*

*taxes . . . Property of a decedent passes subject to
unpaid debts and taxes of the estate."*

23.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against Defendant's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

26.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Defendant's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrower.

## V. CAUSE OF ACTION - FORECLOSURE

27.     The foregoing paragraphs are incorporated by reference for all purposes.

28.     Plaintiff asserts a cause of action for judicial foreclosure against Defendant. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendant has failed to make the payments for the Property required under the Note.

29.    The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

30.    Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendant, personally.

31.    All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

32.    Concurrent with Plaintiff acquiring all of Defendant's right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendant is divested of all of his right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

## VII. WRIT OF POSSESSION

33.    If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendant be cited to appear and answer, and the Court enter judgment granting:

a.  a declaration that all of Decedent's heirs-at-law have been made parties to this suit and are vested with all of Decedent's right, title, and interest in the Property;

b.  a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c.  a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendant is divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d.  a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e.  attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

f.  all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**JONATHAN C. SMITH**
Texas Bar No. 24103940
jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**