**FILED**

October 05, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____   JU

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | § § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-21-CV-00402-OLG |
| v. | § § | |
| CARLOS MONTOYA, | § § | |
| *Defendant.* | § § | |

## ORDER

On this day, the Court considered Plaintiff U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust's ("Plaintiff") Motion for Default Judgment against Defendant Carlos Montoya ("Defendant"). *See* Dkt. No. 9 (the "Motion"). Having reviewed the Motion, the materials submitted in support, the docket, and applicable law, the Court finds that the Motion should be **GRANTED** and judgment should be entered in Plaintiff's favor.

## BACKGROUND

In August 2007, Defendant's mother, Beatrice Montoya (the "Decedent"), executed a *Promissory Note* (the "Note") and a *Homestead Lien Contract and Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan").[1] The Loan established a mortgage on the real property located at 739 W. Glen Avenue, San Antonio, Texas 78225 (the "Property") and granted Bank of America, N.A. a security interest in it. The Decedent passed away in March 2011, and Defendant became the sole owner of the Property (and the corresponding Loan) in September

---

[1] The facts in this section are based on the allegations in Plaintiff's Original Complaint (Dkt. No. 1), which are deemed admitted due to Defendant's default. *See Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

2013. In July 2015, Bank of America transferred the Loan to Plaintiff through an *Assignment of Mortgage/Deed of Trust*. The Loan matured as of September 11, 2017, but from the time he took ownership, Defendant has failed to make payments or comply with his other obligations under the Loan. On January 21, 2021, Plaintiff sent Decedent's estate a *Notice of Default and Intent to Accelerate*. Despite the notice, Defendant still failed to cure his default.

Plaintiff filed its Original Complaint with the Court on April 21, 2021, seeking a judgment that would allow foreclosure on Defendant's interest in the Property. *See generally* Dkt. No. 1 (the "Complaint"). After several unsuccessful attempts at personal service, the Court authorized substitute service, which was effectuated on July 9, 2021. *See* Dkt. Nos. 6 and 9. On August 25, 2021, Plaintiff filed a Motion for Entry of Default and this Motion for Default Judgment, and the Clerk of Court entered default that same day. *See* Dkt. Nos. 8–10. Defendant has yet to respond to the Complaint or either motion, or to appear before the Court.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, a court may enter a default judgment against the defendant upon motion by the plaintiff. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 140–41 (5th Cir. 1996). "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, a court has the discretion to enter (or decline to enter) a default judgment. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). When considering any motion for default judgment, courts must examine jurisdiction, liability, and relief sought. *See Labaty v. UWT, Inc.*, No.

2

5-13-CV-389-XR, 2016 WL 1737145, at *1 (W.D. Tex. May 2, 2016).  The Court will consider each in turn.

## I.      Jurisdiction

When considering a motion for default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V/ Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

The Court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332. The Complaint makes clear that complete diversity exists between the parties. *See* Compl. ¶¶ 1–4.  Plaintiff, a trustee of a traditional trust and national banking association, has its main office in—and is thus a citizen of—Ohio. *See id.* ¶ 1; *see also* 28 U.S.C. § 1348 (national banking associations "deemed citizens of the States in which they are … located").  Defendant is a citizen of Texas.  The Court also finds that the amount in controversy requirement is satisfied here, as the value of the Property at issue exceeds $75,000.00. *See* Compl. ¶ 4.

The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), as Defendant resides in San Antonio, Texas, where the Court is located. *Id.* ¶ 3.  Although Plaintiff was unable to effect personal service upon Defendant, the Court authorized substitute service after several unsuccessful attempts. *See* Dkt. No. 6 (the "Service Order").  Pursuant to the Court's direction, Defendant was properly served on July 9, 2021, by affixing a true and correct copy of the summons, Complaint, and Service Order to Defendant's front door, and by mailing the same to his address. *Id.*; *see also* Dkt. No. 7 (executed summons returned).  The Court further finds that Defendant is not a minor, in military service, or incompetent to proceed. *See* Mot., Ex. A.

3

## II.     Liability

Next, the Court considers whether the well-pleaded allegations in the Complaint establish liability. When a defendant fails to respond, his default is considered an admission of all of Plaintiff's well-pleaded allegations related to liability. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992). The Court must still, however, evaluate whether there is "sufficient basis in the pleadings for the judgment entered," *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), *i.e.*, whether those admitted facts state a claim upon which relief may be granted.

Here, Plaintiff seeks: (1) a declaration that it is the owner and holder of the Note and beneficiary of the Security Instrument, and thus, a mortgagee as defined in Texas Property Code § 51.0001(4); and (2) entry of an order authorizing foreclosure on the Property, either through enforcement of a statutory probate lien against the Property with a non-judicial foreclosure or, alternatively, a judgment for judicial foreclosure. The Court finds that Plaintiff has sufficiently pleaded its claims and is entitled to default judgment.

***Mortgagee Status Declaration.*** Texas law defines a mortgagee as "the grantee, beneficiary owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). Here, Plaintiff has plausibly alleged that the Property was subject to a Promissory Note and Security Instrument executed by the Decedent and held by Bank of America, N.A. Compl. ¶¶ 7–8. Plaintiff further alleged that it is the current legal owner and holder of the Note, as the Note and Security Instrument were assigned to it on July 28, 2015, and subsequently recorded in Bexar County property records. *Id.* ¶¶ 9–10. Plaintiff has also provided copies of the Note, Security Instrument, and Assignment, as attached to the Complaint. *Id.*, Exs. A–C. As Plaintiff has alleged that it was the last assignee of record of the deed of trust, the Court finds that

Plaintiff is a mortgagee with authority to foreclose on the Property, the owner and holder of the Note, and the beneficiary of the Security Instrument. Plaintiff's request for declaratory judgment should be granted.

*Foreclosure.* To state a foreclosure claim, a plaintiff must allege that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) defendant received notice of default and acceleration. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002). Here, Plaintiff has established all four elements with well-pleaded allegations.

The Complaint alleges that Defendant and his siblings, Carmen Valdez and Saena Unate, acquired all of the Decedent's interests in the Property upon her death. Compl. ¶ 13. It further alleges that upon his appointment as Independent Administrator, Defendant executed a Special Warranty Deed to convey the Property to himself and his siblings. *Id.* ¶ 16. His siblings then each executed General Warranty Deeds to convey their interests in the Property to Defendant, making him sole owner of the Property—and the debt owed to Plaintiff. *Id.* ¶ 17. The Complaint then alleges that Defendant has failed or refused to make payments on the Note and has failed to comply with the covenants and conditions of the Security Instrument. *Id.* ¶ 18. Finally, Plaintiff alleges that it sent Decedent's estate a Notice of Default and Intent to Accelerate on January 21, 2021, after the Loan Agreement matured. *Id.* ¶ 19. Accordingly, the Court finds that Plaintiff has plausibly alleged each required element and stated a foreclosure claim.

## III.    Relief

Having determined that default judgment is warranted, the Court must determine what form of relief Plaintiff should receive. Courts often hold hearings to "conduct an accounting" or

"determine the amount of damages" that should be awarded when entering default judgments. *See* Fed. R. Civ. P. 55(b)(2). Here, Plaintiff makes clear that it "does not seek monetary damages, but instead seeks certain declarations regarding title to the Property." Mot. ¶ 9. As such, the Court need not conduct a hearing on the issue of damages and instead will award declaratory relief as sought by Plaintiff.

Plaintiff also seeks an award of costs pursuant to Rule 54(d)(1), but in the form of additional debt secured by the Security Instrument rather than a money judgment. Mot. at 3. Courts within the Fifth Circuit commonly award fees and costs to the prevailing lienholder when provided for in the lien instrument. *See, e.g., Graca v. First Nat'l Bank of Trenton*, No. 4:19-CV-920, 2020 WL 7251430, at *5 (E.D. Tex. Nov. 18, 2020); *HSBC Bank USA, Nat'l Ass'n as Trustee for Fremont Home Loan Trust 2006-D v. Nealy*, No. 5:15-CV-470, 2016 WL 11546847, at *2 (W.D. Tex. Jan. 14, 2016); *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184, 2014 WL 1017056, at *2 (N.D. Tex. Mar. 17, 2014). As such, the Court finds that Plaintiff is entitled to costs as a further obligation owed under the Security Instrument.

## CONCLUSION AND ORDER

For the reasons above, it is **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt No. 9) is hereby **GRANTED**. The Court will enter the Default Judgment by separate order.

It is **FURTHER ORDERED** that Plaintiff is awarded his costs of court and shall file a Bill of Costs pursuant to the Local Rules within <u>fourteen (14) days</u> of the entry of the Judgment.

It is so **ORDERED**.

SIGNED this 5 day of October, 2021.

ORLANDO L. GARCIA
Chief United States District Judge